IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK L. MAYS,

      Plaintiff,

v.

CATHOLIC CHARITIES DIOCESE OF
SPRINGFIELD, ILLINOIS, DENISE
BURTON, SHERYLL KELLUM, and
THOMAS JOHN PAPROCKI,

      Defendants.

Case No. 3:26-CV-00394-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This action appears to concern the alleged wrongful termination of Plaintiff Patrick L. Mays's employment at the Catholic Charities Diocese of Springfield, Illinois. (Doc. 1). Mays has filed a Motion to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 6).

Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without prepaying the required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is satisfied from Mays's affidavit that he is indigent. Mays receives approximately $168 per week in unemployment benefits. He also earned a total of approximately $660 since November 2025 for various temporary jobs. His expenses outpace his income significantly, leaving him with few (if any) means to pay the filing fee for this case. Based on this financial information, the Court finds that Mays is indigent under 28 U.S.C. § 1915(a)(1).

Having established Mays's indigence, the Court must also screen his complaint and dismiss it if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Rule 8 states that a complaint "shall contain" a short and plain statement of the claim, jurisdictional basis, and demand for relief. FED. R. CIV. P. 8. The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Mays's complaint does not meet this standard. It offers no narrative about what happened, nor does it articulate a legal theory under which Defendants could be held liable. Instead, it cites four statutes without legal or factual context: 130 Stat. 538 (the FOIA Improvement Act of 2016), 5 ILCS 140/1 (the Illinois Freedom of Information Act), 110 Stat. 3488 (the Economic Espionage Act of 1996), and 815 ILCS 505/1 (the Illinois Consumer Fraud and Deceptive Business Practices Act). How these statutes relate to Mays's claims—or to the case more generally—is unclear. And in the section of his form titled "Statement of Claim," Mays simply directs the reader to certain "attached documents," which are nowhere to be found. If this were all the Court had to go on, it would likely dismiss the case outright.

But more than one month after Mays filed his complaint, he submitted 13 pages of "exhibits." (Doc. 9). These documents include a written termination notice, which states that Mays "continues to have a difficult time following directions and completing assigned tasks." (Doc. 9, p. 8). It then goes on to state that "[d]ue to poor job performance,

Page 3 of 5

[Mays's] employment with the agency is being terminated." (*Id.*). Based on Mays's submission of this document, the Court assumes he is suing his former employer and supervisors.

Although the Court draws this inference about the nature of this action, it will not craft a legal theory for Mays. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (per curiam). Instead, the Court will grant Mays an opportunity to file an amended complaint outlining, in detail, the factual and legal bases for his claims. *See* FED. R. CIV. P. 12(e) (courts may order more definitive statement of claims when initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."). Mays's amended complaint must also comply with Federal Rule of Civil Procedure 10, which outlines the form a pleading must follow to allow an opposing party to respond.[1] The Court believes that this disposition strikes a proper balance between the need to construe *pro se* pleadings generously and its duty to "insist on compliance with procedural rules . . . to promote [the] interest in the uniform administration of justice." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

For these reasons, Plaintiff Patrick L. Mays's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6) is **GRANTED**. Mays's complaint (Doc. 1) is **DISMISSED without prejudice**. Mays's Motion for Service of Process at Government Expense is (Doc. 2) is **DENIED as moot**.

---

[1] The Court encourages Mays to review its resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court points Mays to the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court.

Mays is **DIRECTED** to file an Amended Complaint on or before **July 27, 2026**. Failure to comply with this order may result in the dismissal of this action.

Mays is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 29, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**